# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PATRICK COPE and SUSAN TULLY,**

      **Plaintiffs,**

**-vs-**                                          **Case No. 6:11-cv-474-Orl-22KRS**

**LAKE AUSTIN PROPERTIES I, LTD.,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This matter comes before the Court without oral argument based on a referral from the presiding district judge.

**I.    PROCEDURAL HISTORY.**

On November 30, 2011, the Court entered an order on Plaintiffs' Omnibus Motion for Summary Judgment. Doc. No. 17. In that Order, the Court noted that although Patrick Cope's affidavit in support of the motion for summary judgment, Doc. No. 9-5 ¶ 3, represented that the purchase agreement attached to the complaint and the purchase agreement attached to the affidavit were the same, the copy of the purchase agreement attached to Cope's affidavit had one page with a completion date filled in, that page was a different font and color than the rest of the document and it did not have two hole punch marks like the rest of the document. Doc. Nos. 1-1, 9-6. In addition, Cope's affidavit indicated that he signed the agreement on June 15, 2006, but the purchase agreements attached to the complaint and to the affidavit indicated the agreement was executed on June 7, 2006. Doc. Nos. 9-5 ¶ 3, 1-2 at 15, 9-6 at 15. Because the apparent page

substitution and differing dates claimed for execution of the agreement raised the possible issue of fraud on the Court, the Court ordered Plaintiffs to explain these issues so that the Court could determine whether to impose sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. §1927, and/or the Court's inherent authority. Doc. No. 17.

Plaintiff Patrick Cope filed a response to the Court's Order and a supplemental affidavit. Doc. Nos. 18, 18-1. The District Judge referred this case to me for a determination regarding whether sanctions were appropriate. Doc. No. 20. I issued an order requiring supplemental briefing regarding the appropriateness of sanctions and Plaintiff responded to that Order. Doc. Nos. 23, 24. The matter is now ripe for resolution.

## II. DIFFERING FORMS OF THE PURCHASE AGREEMENT.

*A. Execution Date.*

Both copies of the purchase agreement filed with the Court indicate the agreement was executed on June 7, 2006. Doc. No. 1-2 at 15; Doc. No. 9-6 at 15. However, in his affidavit attached to his motion for summary judgment, Cope averred that he entered into the agreement on June 15, 2006. Doc. No. 9-5 ¶ 3.

In response to the Court's Order questioning the differing dates, Cope filed an affidavit in which he stated that the purchase agreement was sent to him in the United Kingdom via Federal Express and the date of June 7, 2006 had already been filled in. Doc. No. 18-1 ¶ 3. Cope and Susan Tully signed the agreement on June 15, 2006 and returned the purchase agreement via Federal Express. *Id.* ¶ 4.

### B. *Differing/Switched Pages*.

In the copy of the purchase agreement attached to the complaint, the completion date is blank, Doc. No. 1-2 at 5, and there are copied hole punches on the left hand side for the page that contained the completion date as well as several other pages. Doc. No. 1-2 at 4-14. In the copy of the purchase agreement attached to the motion for summary judgment, a completion date of March 2010 is filled in and that page is a lighter color and a different font than the rest of the document. Doc. No. 9-6 at 5. In addition, although there are copies of hole punches on the pages surrounding that page, the page with the completion date does not have hole punches. Doc. No. 9-6 at 4-14.

In his affidavit, Cope stated that when he returned the purchase agreement, he only scanned a few pages, and apparently did not scan the page at issue. Doc. No. 18-1 ¶¶ 6, 7. He stated that the page substitution in the agreement attached to the motion for summary judgment was the correct page and that he had no independent recollection whether the completion date had been filled in or not. *Id*. ¶ 7. However, it was always his understanding that his unit was to be completed by March 2010. *Id*.

Attorney Urban stated in his responses to Court orders regarding this issue that in the process of converting documents or pages to .pdf format for filing, stray marks, including hole punches, sometimes are removed so that they will not increase the size of the document. In addition, the size of the font, the lightness or darkness of the print or the quality of the image can change when documents are converted to .pdf format. Doc. No. 18 at 3 n.3; Doc. No. 24 at 5 n.3.

## III. APPLICABLE LAW.

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no

reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995) (citations omitted). In assessing a Rule 11 motion, the Court first determines whether the party's claims are objectively frivolous – in view of the facts or law – and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. *Id*. (citation omitted).

Section 1927, provides, in pertinent part, that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "An attorney's conduct meets the first of these conditions 'only when the attorney's conduct is so egregious that it is tantamount to bad faith.'" *Hudson v. Int'l Computer Negotiations*, *Inc*., 499 F.3d 1252, 1262 (11th Cir. 2007) (quoting *Amlong & Amlong*, *P.A. v. Denny's, Inc*., 457 F.3d , 1180, 1190 (11th Cir. 2006)).

The Court also has inherent powers to sanction parties and their counsel for their actions. *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991). This authority comes from the need for courts to be able to control and manage their affairs in order to achieve the orderly and expeditious disposition of cases. *Id.* Thus, a court may assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.* at 45–46. The "key to unlocking" the Court's inherent powers to sanction is a finding of bad faith. *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010). The bad faith standard looks at the attorney's objective conduct. *Norelus v. Denny's, Inc*., 628 F.3d 1270, 1282 (11th Cir. 2010). Even if a court finds an attorney acted with

bad faith, the imposition of sanctions pursuant to a court's inherent power is a matter of discretion. *Chambers*, 501 U.S. at 44.

**IV. ANALYSIS.**

The inconsistencies between the original and subsequent filings discussed above correctly raised a concern for the Court. The issue referred to the undersigned is whether sanctions are appropriate in light of the information subsequently provided to explain the inconsistencies.

Rule 11 sanctions would be proper here if the different purchase agreements were filed in bad faith or for an improper purpose. The record and the affidavits from Cope and representations from Attorney Urban explain the inconsistencies in the filings. Attorney Urban should have been more diligent regarding filing the correct and complete purchase agreement at the time the suit was filed. In addition, when substitutions were made, changes should have been brought to Court's attention and explained at that time. However, the record does not show any actions undertaken in bad faith or for an improper purpose and do not show that the changes or substitutions were made to perpetrate a fraud on this Court. Thus, I recommend that Rule 11 sanctions not be imposed.

Similarly, under § 1927, the record does not show that Urban acted in bad faith or that the filings discussed above have unreasonably or vexatiously multiplied the proceedings. Accordingly, I recommended that sanctions not be imposed under § 1927.

Because the evidence does not show that Urban or Cope acted in bad faith, I also recommend that the Court not exercise its discretion to impose sanctions pursuant to its inherent powers.

## V. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Attorney Urban and Plaintiff Patrick Cope not be sanctioned for their actions in this matter. I further recommend that Attorney Urban be instructed that, going forward, he should carefully review papers before filing them with the Court to ensure that they are complete and accurate and advise the Court when substitutions or other changes are later made to any filing.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 30, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy